McKinney, J.
delivered the opinion of the court.
At the June term, 1850, of the circuit court of Sumner, G. S. Gray, one of the justices of the peace for said county, made return to said court of an execution issued by him, in favor of the plaintiff in error, against the defendant and Rufus Morgan, on the 8th of May, 1850, for the sum of $495, and costs, which had been levied upon a tract of land, the property of Ireland. The judgment upon which said execution was issued, and also the note upon which the judgment was founded, were returned with the execution, pursuant to the act of 1829, ch. 12, sec. 1.
A motion was thereupon made, on behalf of the plaintiff in error, for an order of sale, or condemnation of the tract of land so levied on. The defendant Ireland appeared, and opposed this motion on the ground, that the judgment upon which said execution issued, was rendered against the defendants Ireland, Rufus Morgan, and one R. M. Boyers, jointly ; and that before the issuance of the execution, and on a day subsequent to the rendition of the judgment, the justice erased *448 the name of Boyers from the judgment, and issued execution against Morgan and Ireland alone. And the justice who rendered said judgment, and issued the execution thereon, was examined by the defendant, on the hearing of said motion, and established the precise state of facts above stated. Upon this ground alone, the court refused the motion, and an appeal in error was prosecuted to this court.
We think it clear, that the circuit court erred in refusing this motion lor an order of sale. Whether the execution was either void or voidable, for the reason alleged, was not a question open for discussion before the circuit judge, on the plaintiff’s motion for an order of sale. Admitting, for the present, that it might have been regarded as void or voidable, in a proceeding instituted directly for the purpose of having it-quashed, or superseded, (a question upon which we express no opinion, as the case does not call for it) it is too clear to-admit of discussion, that the judgment could not be collaterally attacked. It was sufficient, for all the purposes of the motion, that the judgment and execution were valid upon their faces, and conformable to each other. It was not competent to the circuit judge, in this collateral mode, to entertain any enquiry in reference to the erasure of the name of the third party.
The judgment will therefore be reversed, and a ■procedendo awarded to the circuit judge to grant the motion.